# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 12-20066-01-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| EDUARDO PEREZ-ALCALA, | ) | No. 17-2295-KHV |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #2033) filed May 22, 2017. In the interest of justice, the Court directs the parties to file briefs which are limited to the issue of potential procedural bars to defendant's motion. See United States v. Allen, 16 F.3d 377, 378-79 (10th Cir. 1994) (court may raise and enforce procedural bar *sua sponte* if doing so furthers interests of judicial efficiency, conservation of scarce judicial resources and orderly and prompt administration of justice). In particular, defendant's claims appear to be barred because they are not timely.[1] A court may raise procedural bars *sua sponte* but must afford the movant an opportunity to respond to the defenses. See United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994); see also United States v. DeClerck, 252 F. App'x 220, 224 (10th Cir. 2007) (district courts "permitted, but

---

[1] Section 2255 provides a one-year period of limitation which ordinarily runs from the date on which the judgment of conviction becomes final. If a defendant does not file a direct appeal of his conviction or sentence, the conviction becomes final upon the expiration of the time in which to take a direct criminal appeal. United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Here, on December 21, 2015, the Court entered judgment. See Judgment In A Criminal Case (Doc. #1919). Under Rule 4(b) of the Federal Rules of Appellate Procedure, defendant's judgment became final 14 days later on January 4, 2016.

not obliged" to review, *sua sponte*, whether Section 2255 motion timely filed); United States v. Barajas-Diaz, 313 F.3d 1242, 1247 (10th Cir. 2002) (court may raise procedural bar *sua sponte* where transcendent interests served by that defense warrant it).

**IT IS THEREFORE ORDERED that on or before June 13, 2017, the government shall file a brief which is limited to the issue of potential procedural bars to defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #2033) filed May 22, 2017. On or before July 18, 2017, defendant may file a reply brief which is limited to the issue of potential procedural bars to his motion.**

Dated this 23rd day of May, 2017 at Kansas City, Kansas.

                                           s/ Kathryn H. Vratil
                                           KATHRYN H. VRATIL
                                           United States District Judge