# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | No. 12-20066-01-KHV |
| v. ) | |
| ) | CIVIL ACTION |
| EDUARDO PEREZ-ALCALA, ) | No. 17-2295-KHV |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On December 15, 2015, the Court sentenced defendant to 162 months in prison. This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #2033) filed May 22, 2017. On May 23, 2017, the Court directed the parties to file briefs on the limited issue of potential procedural bars to defendant's motion. Memorandum And Order (Doc. #2035); see United States v. Allen, 16 F.3d 377, 378-79 (10th Cir. 1994) (court may raise and enforce procedural bar *sua sponte* if doing so furthers interests of judicial efficiency, conservation of scarce judicial resources and orderly and prompt administration of justice). In particular, the Court directed the parties to address whether defendant's motion is barred as untimely. On June 8, 2017, the government filed a brief on the issue. See Government's Response To Court's Order (Doc. #2037). Defendant filed a reply and also requests copies of documents so that he may file a memorandum in support of his motion to vacate. See Objection To Government's Response (Doc. #2045) filed July 3, 2017; Motion To Compel Discovery In Civil Proceeding Pursuant To Fed. R. Civ. P. 26 (Doc. #2039) filed June 16, 2017 and Motion For Order To Produce Redacted Copies Of Sealed Documents (Doc. #2032) filed May 22, 2017. For reasons stated below, the Court overrules defendant's requests for copies,

overrules defendant's motion to vacate and denies a certificate of appealability.

**Factual Background**

On October 3, 2012, a grand jury charged Eduardo Perez-Alcala and some 50 other defendants with conspiracy to manufacture, to possess with intent to distribute and to distribute 280 grams or more of cocaine base and to possess with intent to distribute and to distribute five kilograms or more of a mixture and substance containing cocaine. See Second Superseding Indictment (Doc. #402), Count 1. The indictment also charged defendant with conspiracy to commit money laundering. Id., Count 2. On May 22, 2013, defendant pled guilty to both counts.[1] See Plea Agreement (Doc. #637). Defendant had a total offense level of 41 with a criminal history category I for a guideline range of 324 to 405 months in prison. See Presentence Investigation Report (Doc. #1810) filed August 11, 2015, ¶ 170. On December 15, 2015, the Court sentenced defendant to 162 months in prison on Counts 1 and 2, with the terms to be served concurrently. Defendant did not appeal. Michael M. Jackson represented defendant throughout the proceedings.

On October 20, 2016, defendant asked the Court to unseal the plea agreement and sentencing transcript so that he could litigate his "appeal." Motion To Unseal Documents, Plea Agreement [And] Sentencing Transcript (Doc. #1983). The Court overruled defendant's request to unseal because (1) he had not filed an appeal and any appeal at that stage would have been untimely, (2) he did not specifically explain how the interests of the parties or the public had changed and (3) he had not shown a particularized need to unseal any documents so that he could litigate an appeal or any

---

[1] The grand jury also charged Perez-Alcala with three counts of distribution of cocaine, one count of using a communication device to facilitate a drug transaction and one count of money laundering. See id., Counts 76-78, 81, 85. At sentencing, the Court dismissed the five additional counts.

post-conviction motion. See Order (Doc. #2007) filed January 10, 2017 at 1-2.

On May 22, 2017, defendant filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255. Defendant asserts that Jackson provided ineffective assistance (1) at the pretrial motions stage, (2) during plea negotiations, (3) at sentencing, when he did not properly object to the enhancement of defendant's sentence under Section 3B1.2 of the United States Sentencing Guidelines and (4) after sentencing, when he did not consult defendant about an appeal or file an appeal as requested. Motion Under 28 U.S.C. § 2255 (Doc. #2033) at 3-7.

## **Analysis**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989).

The government asserts that defendant's claim is barred as untimely. See Government's Response To Court's Order (Doc. #2037) filed June 8, 2017 at 2-5. Section 2255 provides a one-year period of limitation which runs from the latest of --

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). If defendant does not directly appeal his conviction or sentence, the conviction becomes final upon the expiration of the time to take a direct criminal appeal. United States v.

Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Here, on December 21, 2015, the Court entered judgment. See Judgment In A Criminal Case (Doc. #1919). Under Rule 4(b) of the Federal Rules of Appellate Procedure, defendant's judgment became final 14 days later, on January 4, 2016. Therefore, under the general provision of Section 2255(f)(1), defendant had until January 4, 2017 to file a motion to vacate under Section 2255.

Defendant filed his present motion on May 22, 2017 – more than five months after the statutory deadline. Defendant argues that the statutory deadline under Section 2255(f)(2) should be tolled because of a government-created impediment to the filing of his motion. Defendant asserts that in September of 2016, the government denied his request for redacted copies of the indictment, the plea agreement, the "factual resume," sentencing transcripts and trial preparation materials. Objection To Government's Response (Doc. #2045) at 1; Motion To Compel Discovery In Civil Proceeding Pursuant To Fed. R. Civ. P. 26 (Doc. #2039) at 1. Defendant asks the Court to direct the Clerk to provide redacted copies of court documents and transcripts. Motion For Order To Produce Redacted Copies Of Sealed Documents (Doc. #2032) at 1. Defendant has not specifically alleged how his lack of access to certain sealed documents prevented him from filing his motion to vacate. See United States v. Thody, 460 F. App'x 776, 781 (10th Cir. 2012) (Section 2255(f)(2) requires showing that impediment "actually prevented" defendant from filing motion); see also United States v. Martinez, 303 F. App'x 590, 596 (10th Cir. 2008) (tolling under Section 2255 not available absent details regarding restrictions on access to legal materials and how such restrictions hindered ability to file motion); Weibley v. Kaiser, 50 F. App'x 399, 403 (10th Cir. 2002) (tolling not available absent specific facts that demonstrate how denial of legal materials impeded ability to file habeas petition) (interpreting analogous government impediment provision of 28 U.S.C.

§ 2244(d)(1)(B)). Because defendant filed his motion without the requested documents, he obviously cannot establish that lack of access to the documents prevented him from filing his motion.[2] See Garcia v. Hatch, 343 F. App'x 316, 318-19 (10th Cir. 2009) (petitioner must show that impediment prevented him from filing timely habeas petition; insufficient to show that quality of petition might have been improved with greater legal assistance and access to materials) (interpreting analogous government impediment provision of 28 U.S.C. § 2244(d)(1)(B)); Gantt v. United States, No. CIV. 11-6191 RBK, 2014 WL 6471478, at *3 (D.N.J. Nov. 18, 2014) (government did not impede petitioner because he filed petition without materials he sought and materials would not have substantially changed claims raised). Accordingly, defendant is not entitled to tolling under Section 2255(f)(2).

Defendant has not asserted any other basis for tolling of the statutory deadline. Based on the limited facts in defendant's motion, the tolling provisions in Section 2255(f)(3) and (f)(4) do not apply. In addition, defendant has not presented any factual support for equitable tolling, and the Court finds no basis for applying the doctrine in this case.[3]

---

[2] Defendant states that he needs the documents to file a *memorandum in support* of his motion, not the actual motion. See Objection To Government's Response (Doc. #2045) at 1 (movant requests materials "for the preparation of a memorandum of law"); Motion Under 28 U.S.C. § 2255 (Doc. #2033) at 1 (government has not provided materials necessary "to prepare a memorandum"); Motion For Order To Produce Redacted Copies Of Sealed Documents (Doc. #2032) at 1 (denial of requests for copies "to prepare the memorandum of law" constitutes impediment). Because defendant has not shown that he is entitled to tolling of the statutory deadline, the Court overrules his request for documents.

[3] Under certain circumstances a claim of actual innocence may be a ground for equitable tolling of the limitations period. See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling available only in rare and exceptional circumstances such as when prisoner "actually innocent"). Actual innocence in this regard means factual innocence, not mere legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998); see Sawyer v. Whitley, 505 U.S. 333, 339 (1992). To establish actual innocence, petitioner must demonstrate that "it is more likely
(continued...)

The Court overrules as untimely defendant's motion to vacate.

## Conclusion

Defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; United States v. Cervini, 379 F.3d 987, 994 (10th Cir. 2004) (standard for evidentiary hearing higher than notice pleading); United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing required only if "petitioner's allegations, if proved, would entitle him to relief" and allegations not contravened by record).

## Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[4] To satisfy this standard, the movant must demonstrate

---

[3](...continued)
than not that no reasonable juror would have convicted him in the light of . . . new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995); see United States v. Starr, 275 F. App'x 788, 789 (10th Cir. 2008). To be credible, a claim of actual innocence ordinarily must be supported with new reliable evidence such as exculpatory scientific evidence, trustworthy eyewitness accounts or critical physical evidence. See Schlup, 513 U.S. at 324. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful. Id. In any event, defendant has not alleged that he is actually innocent

[4] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C.
(continued...)

that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)).  For reasons stated above, the Court finds that defendant has not satisfied this standard.  The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #2033) filed May 22, 2017 is **OVERRULED.**

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's Motion To Compel Discovery In Civil Proceeding Pursuant To Fed. R. Civ. P. 26 (Doc. #2039) filed June 16, 2017 is **OVERRULED.**

**IT IS FURTHER ORDERED** that defendant's Motion For Order To Produce Redacted Copies Of Sealed Documents (Doc. #2032) filed May 22, 2017 is **OVERRULED.**

Dated this 1st day of August, 2017 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge

---

[4](...continued)
§ 2253(c)(1).